**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re: | ) |
| | ) |
| LESLI ANN KEITH | ) Case No. 04-31025 |
| | ) |
| Debtor. | ) |

**MEMORANDUM OPINION**

This matter comes before the Court on the motion of Buildings, Inc. ("Buildings") to prohibit or condition Lesli Ann Keith's ("Debtor") use of Buildings's purported collateral in the operation of her poultry farm. Buildings is a $200,000.00 judgment creditor and the alleged collateral at issue is a poultry check of about $22,000.00, payable to the Debtor, and the Debtor's bank account, having an approximate balance of $1,262.00. Buildings caused a writ of garnishment to be served on both items, but before the garnishment could be fully completed, the Debtor filed a Chapter 11 bankruptcy. The Debtor contends that Buildings does not have any right to restrict her use of check proceeds or bank account funds on the basis that Buildings is an unsecured creditor, the Court previously ordered Buildings to turn over the check and bank account funds inasmuch as its continued collection efforts violated the automatic stay, and that any purported lien held by Buildings is avoidable under 11 U.S.C. § 547.

The Court held a hearing in this matter on September 2, 2004, in Carthage, Missouri, at which time the Court took the matter under advisement. After considering the arguments of the parties and the relevant statutory and case law, the Court will allow the Debtor to use the proceeds of her bank account and poultry check and the Court will grant the Bank a replacement lien on the Debtor's real property.

**I. BACKGROUND**

The Debtor is a chicken farmer. Pre-petition, the Debtor borrowed money to pay for construction work to be performed by Buildings. Despite taking out a construction loan, the Debtor never paid Buildings for its work. After the Debtor defaulted on her payments, Buildings filed suit in state court, obtained a judgment, and sought to execute on that judgment, in part, through a writ of garnishment on the Debtor's real property, bank account, and on a poultry check. According to

Buildings, the writ of garnishment was served against one $22,000.00 poultry check – although Buildings never received the benefit of those funds – and against the Debtor's bank account having an approximate balance of $1,262.00, which had been paid over to the state court registry pursuant to the garnishment at the time the Debtor filed her Chapter 11 bankruptcy petition, which stopped both of the garnishments.

In an unopposed motion to this Court, the Debtor requested that Buildings release the Debtor's bank account and poultry check inasmuch as those items were property of the estate, and as of the petition date, the garnishment of those items was still unsatisfied. The Court granted the Debtor's motion, finding that Buildings's continued collection efforts on those items violated the automatic stay. As of September 2, 2004, the Debtor had spent all or part of the proceeds of the poultry check on business operations but had not spent the money in her bank account.

## II. DISCUSSION

Buildings now seeks to prohibit the use of its "cash collateral" by the Debtor on the grounds that it has a perfected security interest in the Debtor's poultry check and bank account by virtue of its judgment lien and subsequent garnishment proceedings. The determination of whether Buildings had a perfected judgment lien, and the timing of that perfection, is important because a Chapter 11 debtor-in-possession is also a lien creditor as of the date of the bankruptcy petition, 11 U.S.C. § 544, Mo. Rev. Stat. § 400.9-102.52(c), and if the Debtor filed her petition before Buildings perfected its judgment lien, then the Debtor has priority over Buildings in using property of the estate. *United States v. McDermott*, 507 U.S. 447, 449, 113 S. Ct. 1526; 123 L. Ed. 2d 128 (1993) ("[P]riority for purposes of federal law is governed by the common-law principle that 'the first in time is the first in right.'") (citation omitted). If Buildings has a prior perfected judgment lien against the Debtor's poultry check and bank account, then the Debtor may not use those items unless Buildings's interests therein are adequately protected. 11 U.S.C. § 363(d).

Under Missouri law, once a party obtains a state court judgment, that judgment becomes a lien on of the judgment debtor's real estate that is situated in the county in which the rendering court is located. Mo. Rev. Stat. § 511.350.1. The judgment lien against the judgment debtor's real property is effective as of the date of the judgment. Mo. Rev. Stat. § 511.360; Mo. S.Ct. Rule 74.08.

In the context of personal property, however, there cannot be any execution of judgment before the personal property is levied, Mo. Rev. Stat. § 513.085, and it is the levy that creates a lien on the judgment debtor's personal property. Mo. S. Ct. Rule 76.07. Perfection of a judgment lien through garnishment is effectuated differently, depending on whether the personal property is tangible or intangible. A judgment lien against tangible personal property is not perfected until the sheriff seizes that tangible item. *Jacques v. Goggin*, 245 S.W.2d 904, 908 (Mo. 1952) ("No lien exists in favor of a plaintiff upon property of an attachment or execution defendant in the hands of the garnishee until such property comes into the hands of the sheriff."); *Rabiste v. Southern*, 254 S.W. 166, 169 (Mo. 1923) (same); *McGarry v. Lewis Coal Co.*, 6 S.W. 81, 82 (Mo. 1887) ("Garnishment is ... a warning to the garnishee not to dispose of the property of the defendant in his hands .... Under the law applicable to attachments, it is the levy by the officer that creates the lien."); *Mann v. Art Britton Auction Sales, Ltd. (In re Riverfront Food & Beverage Corp.)*, 29 B.R. 846, 850 (Bankr. E.D. Mo. 1983) (holding that a garnishment did not create a lien on the inventory held by an auctioneer before the sheriff seized the property – it only triggered the potential personal liability of the auctioneer if the auctioneer were to dispose of the property).

When the personal property subject to garnishment is an intangible, however, such as a debt, or a check payable to order, a judgment lien is effective upon issuance of the writ of garnishment. *Vittert Construction & Investment Co. v. Wall Covering Contractors, Inc.*, 473 S.W.2d 799, 804 (Mo. Ct. App. 1971) ("[T]he service of the writ of garnishment created a lien upon money garnished that could not be impaired by subsequent action by others for the same fund. Garnishment on indebtedness has the effect of seizure."). *See also Dugan v. Missouri Neon & Plastic Advertising Co.*, 472 F.2d 944, 950 (8th Cir. 1973) (finding that cash and checks in the hands of an auctioneer were equivalents to intangible indebtedness owed by the auctioneer to the owner of the property because even if the sheriff had seized the cash and checks, the sheriff could not endorse the checks and if the sheriff seized the cash, then the sheriff would be exposed to liability for an illegal seizure inasmuch as part of the cash proceeds belonged to the auctioneer); *In re Collins*, 234 B.R. 88, 93 (Bankr. W.D. Mo. 1999) ("Because ... service of a garnishment in aid of execution creates a perfected lien under Missouri law upon the indebtedness garnished, [which is] likened ... to a seizure of personal property, it follows that .... properly levied personal property cannot be reached by a trustee whose claim to that property arose subsequent to the judgment creditor's lien.").

In this case, the property at issue – a bank account and a poultry check – constitute intangible personal property. A bank account is little more than a debt that the bank owes to its customer, and as stated in *Dugan*, 472 F.2d at 950, a check that is payable to order is the equivalent of intangible personal property. Thus, when service of the writ of garnishment was made on the Debtor's poultry check and bank account, Buildings obtained a perfected judgment lien. Because the service of those writs was made on the Debtor's bank account and poultry check before the Debtor filed her bankruptcy petition, Buildings's judgment lien is superior to the judgment lien of the Debtor in her capacity as the debtor in possession.[1]

The Debtor's other arguments may be quickly disposed of. In an earlier order of this Court, Bulidings was directed to relinquish the Debtor's poultry check and bank account funds because the Debtor still had an interest in those items, they were property of the bankruptcy estate, and Buildings had not sought relief from the automatic stay to present the check for payment or to collect the bank account funds from the state court registry. Nothing in the Court's earlier order determined the relative priorities of the parties to the check or bank account and the doctrine of law of the case is inapplicable.

Finally, no evidence was presented to the Court that Buildings's garnishment actions against the Debtor's poultry check and bank account were avoidable preferential transfers. Nothing in this opinion prejudices the right of the Debtor to bring an adversary proceeding to avoid Buildings's lien.

### III. CONCLUSION

Accordingly, the Court finds that Buildings had a perfected judgment lien on the Debtor's bank account and poultry check before the Debtor filed her bankruptcy, and those two items constitute collateral for Buildings's judgment lien. In this case, the Debtor stated that she had already spent the

---

[1] The Court notes that under Missouri's Uniform Commercial Code, the only way to perfect an interest in money or bank accounts is by possession or control. Mo. Rev. Stat. § 400.9-312(b) (stating that "[a] security interest in a deposit account may be perfected only by control under section 400.9-314," and "[a] security interest in money may be perfected only by the secured party's taking possession under section 400.9-313."). The critical distinction between the Uniform Commercial Code and this case, however, is that the Uniform Commercial Code regulates the creation and priority of consensual security interests and does not apply to statutory garnishment actions. *See* § 400.9-109(c)(2).

$22,000.00 poultry check, and Buildings has requested a replacement lien on the Debtor's upcoming poultry check. In the Debtor's Schedule A, however, the Debtor lists 10.7 acres of real property, poultry houses, and a home as having a value of $700,000.00, which are subject to a lien of only $258,292.69. Accordingly, the Debtor has sufficient equity in her real property to adequately protect Buildings. The Court finds it appropriate to allow the Debtor to use the proceeds of her poultry check and bank account in the reorganization of her business and to give Buildings a replacement lien on the Debtor's real property.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

**ENTERED** this 10th day of September 2004.

                                                        /s/   Jerry W. Venters
                                                  United States Bankruptcy Judge

A copy of the foregoing mailed electronically or
conventionally to:
J. Kevin Checkett
Bruce A. Copeland